IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PHILIP MARSHALL,

                    Plaintiff,

v.

HONORABLE JUDGE PAUL CURRAN,

                    Defendant.

OPINION and ORDER

22-cv-439-jdp

---

Pro se plaintiff Philip Marshall is a patient at the Sand Ridge Secure Treatment Center following a civil commitment trial under Wis. Stat. § 980 et seq. Marshall seeks relief under Title II of the Americans With Disabilities Act (ADA). Marshall alleges that defendant Curran, a state judge, discriminated against him at his civil commitment trial and another proceeding because of his hearing disability. The court granted Marshall leave to proceed in forma pauperis.

Because Marshall proceeds in forma pauperis, I must screen his complaint under 28 U.S.C. § 1915(e)(2)(B). I must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. I must accept the complaint's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the case because Marshall must bring his claim in a habeas corpus action under 28 U.S.C. § 2254.

ALLEGATIONS OF FACT

Marshall alleges the following facts, which I accept as true to screen the complaint.

Marshall has been deaf since he was two years old. Marshall communicates vocally primarily but uses sign language and reads lips. At Marshall's civil commitment trial, his attorney offered evidence that Marshall was hearing disabled because he had 70 percent hearing loss. Curran disputed the validity of the evidence and determined that Marshall was "just playing games." Although Curran said that Marshall could use hearing assistance headphones, he admonished his attorney not to ask for an interpreter at the county's expense because Curran believed Marshall "could hear just fine." In so concluding, Curran relied on his observation that Marshall could hear when the microphones were off or turned to low volume. According to Marshall, Curran failed to recognize that he could read lips. Marshall thinks that Curran's conduct was discriminatory and demeaning and contends Curran so acted during Marshall's discharge trial, where Curran called him "a manipulator and a con man." Marshall alleges that Curran "poisoned the entire proceedings" "by his bias and impartiality."

Marshall asserts a disability discrimination claim under Title II of the ADA and seeks to remove Curran from his 2022 discharge trial and all hearings before it.

ANALYSIS

Detainees challenging the validity of their civil commitment under chapter 980 must ordinarily do so in a habeas corpus petition under 28 U.S.C. § 2254. *Flowers v. Leean*, 215 F.3d 1331, at *2 (7th Cir. 2000); *see Brown v. Watters*, 599 F.3d 602, 603 (7th Cir. 2010); *Adams v. Bartow*, 330 F.3d 957, 958 (7th Cir. 2003). Courts usually should not convert civil complaints into habeas corpus actions, even if the pro se litigant has mistaken the nature of his claim. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). Courts should not convert

a civil complaint to a habeas corpus action if the complaint names an incorrect defendant. *See Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005).

"The primary mandate of Title II is that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Lacy v. Cook Cty., Ill.*, 897 F.3d 847, 853 (7th Cir. 2018) (quoting 42 U.S.C. § 12132). Individuals in their personal capacities . . . are not subject to suit under Title II, which provides redress only from public entities." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010); *see Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012).

Here, Marshall alleges that Curran was biased against him because of his hearing impairment, thus poisoning his entire civil commitment proceedings. Marshall seeks to remove Curran from Marshall's future chapter 980 proceedings. Marshall's allegations necessarily challenge the validity of his civil commitment proceedings and must be brought in a § 2254 habeas petition.

I decline to convert this case into a § 2254 action. Marshall names Curran as the sole defendant. But Curran would be an improper respondent in a § 2254 action. Marshall would have to name his custodian, the director of Sand Ridge, as respondent. *Anderson v. Moran*, No. 21-CV-359-BBC, 2021 WL 4168351, at *2 n.1 (W.D. Wis. Aug. 18, 2021); *see Armstrong v. Sixteenth Jud. Cir. Ct. of Dekalb Cty.*, 560 F. App'x 605, 606 (7th Cir. 2014).

Even if Marshall could bring his claim under the ADA, I would not allow it to proceed. The complaint's allegations show that Marshall sues Curran personally. Marshall alleges that Curran's actions showed that he was biased against Marshall because of his hearing

3

impairment. Although Marshall alleges that Curran admonished his attorney not to ask for an interpreter, Marshall does not allege that he needed an interpreter or that his attorney would have sought one had Curran not made the remarks at issue. Marshall's allegations do not suggest that he seeks an accommodation for his hearing impairment. Rather, he challenges Curran's personal actions toward him and seeks to remove him from future chapter 980 proceedings. Marshall cannot bring such an individual-capacity claim under Title II.

In sum, Marshall must bring his claim of judicial bias under § 2254 and I decline to convert the complaint into a § 2254 case. Although I will not allow the case to proceed, Marshall is free to seek relief under § 2254 if he wishes. I will direct the clerk of court to send Marshall the court's form for pro se § 2254 actions.

## ORDER

IT IS ORDERED that:

1. The complaint, Dkt. 1, is DISMISSED WITHOUT PREJUDICE as improperly filed.

2. The clerk of court is directed to CLOSE this case and send plaintiff copies of this order and the court's form for pro se § 2254 actions.

Entered October 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge